PAUL BLIESNER, by Next Friend, Respondent, v. G. RIESMEYER DISTILLING COMPANY, Appellant.

**St. Louis Court of Appeals, May 6, 1913.**

1. **MASTER AND SERVANT: Appliances: Duty of Master.** It is the duty of the master to furnish a servant with reasonably safe appliances with which to work.

2. ———: **Injury to Servant: Appliances: Duty of Master.** In determining whether a master was negligent in not furnishing a servant with a reasonably safe appliance with which to work, the master need not have anticipated the very injury complained of, nor that it would have occurred exactly as it did, but it is sufficient if his negligence was the proximate cause of the injury resulting from the servant's use of the appliance.

3. ———: ———: ———: ———: **Question for Jury.** In an action by a servant for injuries received as a result of putting his finger into the cylinder of a corking machine, the edges of which were rough, for the purpose of removing small par-

ticles of cork which were lodged therein, *held* that a reasonably prudent man would have anticipated that injury might occur by reason of the defect, and that the question of the master's negligence was, therefore, for the jury.

4. ———: ———: **Simple Appliance Doctrine: Applicability.** A master cannot be relieved from liability for injury to a servant on the ground that the instrumentality causing the injury was a simple appliance and that danger did not inhere in the appliance itself but arose from the manner in which it was used, where the injury occurred from the use of the appliance in the manner that the master expected and required the servant to use it.

5. ———: **Assumption of Risk.** A servant never assumes the risk of the master's negligence, but only such risks as are incident to the employment after the performance by the master of that which the law requires of him.

6. ———: **Dangerous Appliances: Contributory Negligence.** Mere knowledge on part of the servant of the danger of using a defective instrument or appliance will not preclude a recovery by him on the ground of contributory negligence, unless the danger is so obvious and imminent that a man of ordinary prudence would, under the circumstances, refuse to continue to work with the instrumentality; and whether the danger was so obvious and imminent as to make him guilty of contributory negligence is a question for the jury unless the evidence so conclusively shows such to be the fact that reasonable men could not differ with respect thereto.

7. ———: ———: ———: **Master's Promise to Repair.** Notwithstanding the fact that the defect or danger in an appliance is known to the servant, yet if he complains thereof to the master and the latter promises to repair the defect or remove the danger, the servant may recover for an injury resulting therefrom within such period as would be reasonable to allow the master for the performance of his promise.

8. ———: ———: ———: ———. Where a servant continued working with a machine after complaint to the master of its defects, and it could be reasonably inferred from the evidence that he was induced so to do by the promise of the master to remedy it, whether such was the inducement was a question for the jury.

9. ———: ———: ———: ———: **Sufficiency of Evidence.** In an action by a servant for injuries received from a defective appliance, evidence that plaintiff notified defendant's foreman of the defect and that the latter told him to continue using the appliance as he had been doing until another one could

be supplied him free from the defect complained of, *held* tantamount to a promise to repair.

10. ———: ———: ———: **Question for Jury.** Evidence, in an action by a servant against the master for negligence in furnishing him with a dangerous appliance with which to work, resulting in injury to him, *held* to present a question for the jury, whether the servant was guilty of contributory negligence by continuing to work with the appliance after he had knowledge of its danger.

11. **INSTRUCTIONS: Defects and Omissions: Cure by Other Instructions.** Where an instruction for plaintiff in a negligence case, purporting to cover the entire case and authorizing a recovery if certain facts were found, omitted to require certain findings essential to a recovery by plaintiff and ignored the defense of contributory negligence, but, in instructions given for defendant, the facts omitted were supplied and one on contributory negligence was properly given, the error was thereby cured, since, in determining the correctness of an instruction, the whole charge should be considered.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Schnurmacher & Rassieur* and *Wilfred Hearn* for appellant.

(1) The demurrer to the evidence should have been sustained: (a) Because there was no substantial evidence of negligence on the part of the defendant. The tool was simple, the use to which it was to be put was simple and the alleged danger apparent and known to plaintiff. Halloron v. Iron Foundry Co., 133 Mo. 470; Blundell v. Manufacturing Co., 189 Mo. 552; Boring v. Medart, 56 Mo. App. 443; Crismer v. Bell Tel. Co., 194 Mo. 209; Mathis v. Stock Yards Co., 185 Mo. 447; Steinhauser v. Spraul, 127 Mo. 562; Harris v. Railroad, 146 Mo. App. 524; Blanton v. Dold, 109 Mo. 64; Fugler v. Bothe, 117 Mo. 475; Moore v. Wire Mill Co., 55 Mo. App. 491; Watson v. Coal Co., 52 Mo. App. 366; Nolan v. Shickle, 3 Mo. App. 300; Lewis v. Rail-

road, 76 Mo. 86; Dutzi v. Geisel, 23 Mo. App. 676. (b) Because the proof shows that the injury complained of was due to plaintiff's own contributory negligence. Stegmann v. Gerber, 146 Mo. App. 104; Epperson v. Cable Co., 155 Mo. 346; Doerr v. Brewing Assn., 176 Mo. 547; Fugler v. Bothe, 117 Mo. 475; Holloran v. Iron & Fdy. Co., 133 Mo. 470; Knorpp v. Wagner, 195 Mo. 637; Holmes v. Bradenbaugh, 172 Mo. 53; Harris v. Railroad, 146 Mo. App. 542; Hogan v. Railroad, 150 Mo. 36; Lucey v. Oil Co., 129 Mo. 32; Winkler v. Basket Co., 137 Mo. 394; Junior v. Power Co., 127 Mo. 82. (c) Because there was a safe method of removing the pieces of cork, yet plaintiff chose another method, admitted by him to be dangerous. Montgomery v. Railroad, 109 Mo. App. 88; Harris v. Railroad, 146 Mo. App. 524; Anderson v. Box Co., 103 Mo. App. 382; Moore v. Railroad, 146 Mo. 572; Smith v. Box Co., 193 Mo. 715; Holmes v. Brandenburg, 172 Mo. 66. (2) The court erred in giving instruction No. 1 at its own motion. (a) Because it purports to be complete in itself and authorizes a recovery upon a finding of the facts therein set forth, regardless of the other facts necessary under the law to entitle plaintiff to a recovery; and it also ignores the defense of contributory negligence in support of which proof was offered. Shoe Co. v. Lisman, 85 Mo. App. 340, 344; Flucks v. Railroad, 143 Mo. App. 17; Ross v. Railroad, 132 Mo. App. 472. (b) Because it authorizes a recovery upon a finding merely that the tool in question was defective, when the master's duty is satisfied by furnishing tools which are reasonably safe. Glasscock v. Dry Goods Co., 106 Mo. App. 657. (c) Because it submitted to the jury an issue not justified by the pleadings and evidence, viz., that of a promise to repair and reliance thereon inducing plaintiff to continue the use of the tool. Coin v. Lounge Co., 222 Mo. 489; Holloran v. Iron & Fdy. Co., 133 Mo. 470; Ryan v. Box Co., 156 Mo. App. 693; Yerkes v. Rail-

road, 88 N. W. (Wis.) 33. (3) Because the court refused to give, at the request of defendant, its instruction No. 5, and in giving the same as modified by the court. Glasscock v. Dry Goods Co., 106 Mo. App. 663; Holloran v. Iron & Foundry Co., 133 Mo. 470.

*George A. Davis* and *A. C. Ketring* for respondent.

ALLEN, J.—This is an action by a servant against the master for personal injuries received in the course of the employment. When injured, plaintiff, a young man twenty years of age, was engaged in corking bottles for the defendant distilling company, using what is called a hand corker, consisting of a tube or cylinder with a plunger, for inserting corks in bottles. The instrument in question was operated entirely by hand. It is claimed by plaintiff that the cylinder of the corking machine he was using was defective, in that it was worn so that the edge of the metal portion of it, which it seems was of brass, was rough, having, as plaintiff said, little "burrs" or projections on it; and that in performing his work he injured his finger by reason of the defects in the instrument aforesaid, whereby it became infected, resulting in blood poisoning.

The cause originated before a justice of the peace, and the statement filed charges, in substance, that defendant negligently permitted the machine in question to become out of repair so as to be dangerous for use, which defendant knew, or by the exercise of ordinary care would have known; that by reason of the dangerous condition of the machine, plaintiff's hand was injured, and because of said injury blood poisoning set in, etc. There was judgment for plaintiff before the justice, and defendant in due time appealed to the circuit court, where a trial was had before the court and a jury, resulting in a verdict for plaintiff. Judg-

ment was entered accordingly, and defendant has appealed to this court.

The evidence discloses that in operating the instrument in question, small pieces of cork would remain in the tube after inserting a cork in a bottle, which had to be removed before the corker was again used. Plaintiff was in the habit of inserting his little finger in the cylinder thereof, in order to remove these pieces of cork. It appeared that there was a small wire contrivance which might be used for this purpose. Plaintiff testified, however, that to use the latter took too much time, and that he was instructed by his foreman to use his finger therefor, the foreman saying, "You have to get it out that way, by using your finger."

The plaintiff testified that he knew there was danger in using the instrument in its defective condition; that he objected to using it because of these defects, but that defendant's foreman told him that others were being repaired, and directed plaintiff to use this one until the others were available. The foreman denied that he told the plaintiff to take the pieces of cork out of the tube with his finger; and testified that they could be removed by a stick or be blown out. He admitted, however, that when using the corker he ordinarily cleaned it out with his finger. He did not deny that plaintiff objected to using the corker in the condition in which it was, or that he told plaintiff, in effect, that another would be supplied him. Another witness, Gustave Riesmeyer, Jr., connected with defendant company, testified that he ordinarily used his finger to remove such pieces of cork from the tube, though it was possible to do so by means of a small stick or wire or by strking the corker sharply against something.

The assignments of error pertain to the overruling of a peremptory instruction in the nature of a demurrer to the evidence at the close of plaintiff's case, and

again at the close of the entire case, and to the matter of giving and refusing instructions.

I. With respect to the court's refusal to give defendant's peremptory instruction in the nature of a demurrer to the evidence, the chief insistence appears to be that the evidence showed that plaintiff was guilty of negligence as a matter of law precluding a recovery; although it is urged that there was no substantial evidence of negligence on the part of the defendant. As to the latter we may say that it was, of course, defendant's duty to furnish his servant with reasonably safe appliances with which to perform his work, and it would seem that a reasonably prudent man should have anticipated that some injury might occur by reason of the defects in the instrument. "It is not essential that defendant could have anticipated the very injury complained of, or that it would have anticipated that it would have occurred in the exact manner in which it did occur, but it is sufficient if the negligence of the defendant was the proximate cause of the injury." [Buckner v. Horse & Mule Co., 221 Mo. l. c. 710, 120 S. W. 766; Dean v. Railroad, 199 Mo. l. c. 411, 97 S. W. 910; Benton v. City of St. Louis, 154 S. W. 477, and cases cited.]

II. Appellant insists that the instrument in question was a very simple one, and that any danger therefrom arose from the manner in which it was used, rather than from any defects or deficiencies in the appliance itself. And in this connection we are referred to the recent decision of this court in Harris v. Railroad, 146 Mo. App. 524, 124 S. W. 576, where the injuries in question were received by reason of a defective clawbar, as well as to other cases of that character. But we think that the case before us does not fall within the doctrine of such cases. As pointed out in

the Harris case, there are numerous cases in this State in which the master has been held liable for a negligent breach of his duty in respect to furnishing a reasonably safe appliance, although the latter was simple and for a simple purpose. [See Harris v. Railroad, supra, l. c. 536, and cases cited.]    It will be seen that in the case to which we have just referred a recovery was denied on the ground that the danger involved did not inhere in the appliance itself, but arose from the mode and manner in which it was used; the servant voluntarily choosing an unsafe method of using it rather than a safe one.    It is urged that this is true in the case before us, in that plaintiff's injury resulted from using his finger to remove pieces of cork instead of adopting another means for so doing; but we think that the facts take the case out of the doctrine to which we have just alluded.    This for the reason that there was evidence from which it may be reasonably inferred that plaintiff was expected and required to use the instrument in question in the manner in which he did.    It appears that this was the way in which such pieces of cork were ordinarily removed, and plaintiff testified that he was instructed by the foreman to remove them in this manner; the foreman saying, "You have to get it out that way, by using your finger." Plaintiff testified that too much time would be consumed in doing it in another way, and from the facts in evidence we may reasonably conclude that, for this reason, plaintiff, in performing his work, was required to use his finger for the purpose mentioned.

III.    There being evidence of negligence on the part of the defendant, with respect to the appliance furnished, recovery cannot be denied plaintiff on the ground of *assumption of risk,* upon the theory that he knew of the defective appliance and continued to use it; but the question to be determined is whether the plaintiff is thereby guilty of *contributory negligence*

precluding a recovery. [Jewel v. Bolt & Nut Co., 231 Mo. 176, 132 S. W. 703; Cole v. Transit Co., 183 Mo. 81, 81 S. W. 1138; Curtis v. McNair, 173 Mo. 270, 73 S. W. 167; Cole v. Jones, 159 Mo. App. 472, 141 S. W. 689; Delo v. Old Dominion Mining Co., 160 Mo. App. 38, 141 S. W. 687; and cases cited.] It is now well established in this State that the servant never assumes the risk of the master's negligence, but only such risks as are incident to the employment after the performance by the master of that which the law requires of him. [Jewel v. Bolt & Nut Co., supra; Cole v. Transit Co., supra; Curtis v. McNair, supra; Cole v. Jones, supra; Delo v. Old Dominion Mining Company, supra; McMurray v. Railroad, 225 Mo. 272, 125 S. W. 751; Holloran v. Foundry Company, 133 Mo. 470, 35 S. W. 260.]

IV. The propriety of the action of the trial court in overruling defendant's demurrer to the evidence, and submitting the case to the jury, depends then upon whether or not plaintiff should be held to have been guilty of contributory negligence as a matter of law. Mere knowledge on the part of the servant of the danger incident to using a defective instrument or appliance will not preclude a recovery by the servant unless the danger is so obvious and imminent as to portend calamity, so that a man of ordinary prudence would, under the circumstances, refuse to do the master's bidding and to continue to work with the instrumentality in question; and whether the danger was so obvious and imminent as to make the servant guilty of contributory negligence, is, in general at least, a question for the jury. [Brands v. St. Louis Car Co., 213 Mo. 707, 112 S. W. 511, 18 L. R. A. (N. S.) 701; George v. Railroad, 225 Mo. 364, 125 S. W. 210; Burkard v. Rope Co., 217 Mo. l. c. 481, 117 S. W. 40; Cole v. Jones, 159 Mo. App. 472, 141 S. W. 689.] Certainly it is for the jury, unless the evidence so conclu-

sively shows the danger to have been so obvious and imminent that no prudent man would have incurred the risk that minds of reasonable men could not differ with respect thereto.

V. And notwithstanding the fact that the defect or danger is known to the servant, yet if he complains thereof to the master, and the latter promises to re-pair the defect or remove the danger, the servant may recover for an injury thereby caused within such a period as would be reasonable to allow the master for its performance. This is firmly established in the law of this State. [Holloran v. Iron & Foundry Co., 133 Mo. 470, 35 S. W. 260; Buckner v. Horse & Mule Co., supra, and cases cited.]

Concerning this question, however, it is insisted by appellant that even though such promise was made, it does not appear to have been the inducement to plaintiff to remain in the service of the defendant and without which he would have quit, and hence avails plaintiff nothing. In support of this theory we are cited to Coin v. Lounge Co., 222 Mo. l. c. 514, 121 S. W. 1, and authorities there cited. It is true that this doc-trine appears to have the sanction of our Supreme Court; but an examination of the authorities upon which appellant relies in this regard discloses that they are cases in which the only reasonable inference from the testimony was that the servant did not con-tinue work because he relied upon the master's prom-ise. If it may be reasonably inferred from the evi-dence that plaintiff continued in the work in reliance upon the promise of the master, then we take it that whether or not he so continued in reliance thereupon is a question for the jury. There need not be a for-mal notification that the servant will quit the service unless the defects be repaired or remedied. "It is sufficient if, from the circumstances of the case, it can be fairly inferred that the servant is complaining on

his own accord, and that he was induced to continue in the service by reason of the promise. It is ordinarily for the jury to say whether the servant's reliance upon a promise by the master induced him to continue work." [1 Labatt on Master and Servant (1904), sec. 421, and authorities cited.] Here we think the evidence such that this question became one for the jury, and it was properly submitted by an instruction.

VI. Under the testimony before us in the record, the case is not without its difficulties, yet a consideration of all the principles involved leads us to the conclusion that plaintiff's evidence was sufficient to entitle him to a submission of his case to the jury. As we have said above, it was defendant's duty to furnish a reasonably safe appliance. And failure so to do was negligence on its part. There is evidence that the appliance furnished plaintiff to work with was worn and defective, and its condition such that the jury might fairly find that it was not reasonably safe for use, for the purposes for which it was intended; that discovering its defective condition, plaintiff notified the defendant's foreman thereof and the latter told him to continue using it as he had been doing until another corking machine could be supplied him free from the defects in question. While this was not a direct promise to repair, or to replace the instrument by one free from such defects, it was tantamount to a promise that this would be done; and the evidence is sufficient from which the jury may conclude that plaintiff relied upon such promise and assurance on the part of the foreman, in continuing to work with the appliance. We think that the evidence did not show that plaintiff was guilty of contributory negligence, as a matter of law, and that the trial court did not err in overruling the demurrer to the evidence.

VII. Of its own motion the court instructed the jury, in substance, that if they found from the evidence that the corking machine in question was out of repair and in a defective or dangerous condition, at the time of plaintiff's injury, and that defendant or its foreman knew of such defective or dangerous condition thereof, and that plaintiff theretofore called the foreman's attention to the same and objected or protested against using the machine in that condition, and that thereupon defendant or its foreman assured or promised plaintiff that within a short time thereafter plaintiff would be furnished with another machine in good condition, and that until furnishing the latter plaintiff should continue the use of the machine in question; and that if the jury further find that plaintiff relied upon such promise, and that in reliance thereupon he continued to work with the machine in question, and that while operating and using it the little finger of his right hand was injured, etc., then plaintiff was entitled to recover.

It is insisted that this instruction is erroneous, because it purports to cover the entire case, and authorizes a recovery for plaintiff, while it omits, as appellant says, facts necessary under the law to entitle plaintiff to recover. The real attack upon this instruction is (1) that it authorizes a recovery if the machine was in a defective or dangerous condition, without qualifying these terms by telling the jury that the requirement was only to furnish an instrument which was reasonably safe, and (2) in ignoring the defense of contributory negligence.

The objection to this instruction we consider to be without merit, for the reason that those matters which appellant claims should have been included therein are fully covered in other instructions given on behalf of the defendant. The instructions for plaintiff and defendant respectively cannot be said to be contradictory. The instruction here complained of,

which directed a verdict for plaintiff, was defective in that it omitted to require certain findings essential to plaintiff's recovery. Such omissions, however, were fully supplied by defendant's instructions, whereby the error was cured. [See Meily v. Railroad, 215 Mo. l. c. 589, 114 S. W. 1013; Lange v. Railroad, 208 Mo. l. c. 477, 106 S. W. 660; Hughes v. Railroad, 127 Mo. l. c. 452, 30 S. W. 127; Meadows v. Life Ins. Co., 129 Mo. l. c. 97, 31 S. W. 578; Owens v. Railroad, 95 Mo. l. c. 181, 8 S. W. 350; Johnston v. Railroad, 150 Mo. App. l. c. 323, 130 S. W. 413; Wright v. Mining Co., 163 Mo. App. 536, 147 S. W. 213; Jackson & Co. v. Western Union Telegraph Co., 174 Mo. App. 70, Had the error in plaintiff's instruction not been thus cured by defendant's instructions, it seems that such error would have been one not merely of nondirection but of misdirection, inasmuch as plaintiff's instruction purported to cover the entire case and directed a verdict.

In the case of Riegel v. Loose-Wiles Biscuit Co., 169 Mo. App. 513, 155 S. W. 59, recently decided by the Kansas City Court of Appeals, although the pleadings and evidence made contributory negligence an issue in the case, an instruction was given at the request of plaintiff submitting the different hypotheses of fact as claimed by him and directing a verdict, wholly omitting the qualification of contributory negligence. Defendant did not ask an instruction on the issues of contributory negligence, and the latter was therefore entirely taken out of the case by plaintiff's instruction. This was held to be fatal error, and many decisions of our courts were cited in support of such ruling. But the authorities there referred to do not, in our opinion, in any wise alter the rule that such an error in an instruction for plaintiff will be cured by an instruction or instructions given on behalf of defendant supplying the omission. In fact the Riegel case distinctly recognizes the doctrine of the cases

which we have cited above to the effect that such error may be cured by defendant's instructions. In the case before us, taking the instructions as a whole, as they should be taken, they may be said to fairly cover the law of the case applicable to the facts in evidence.

VIII.  We need to refer to but one further instruction, this being one requested by defendant, and given after being modified. As requested to be given this instruction was as follows:

"The court instructs the jury that even if they shall find and believe from the evidence that the corking machine with which plaintiff worked was out of repair and dangerous to use, yet if the jury shall also find and believe from the evidence that plaintiff knew the machine was out of repair and understood and appreciated the danger of using it in such condition, and continued to do so, then plaintiff cannot recover."

The court refused to give the instruction as offered, but modified it by adding the following:

"Unless the jury shall further find from the evidence that plaintiff continued the use of such machine in reliance upon a promise of defendant to have the same repaired, or to furnish a better one in place thereof, provided plaintiff would continue the use of the machine in question for the time being."

There was no error in so modifying this instruction. This follows from what we have said above as to the law of the case. The defendant was not entitled to an instruction to the effect that mere knowledge on the part of plaintiff of the danger of using the defective appliance would preclude his recovery. The reason for this is apparent from what we have hereinbefore said.

IX.  We have very carefully examined the record, and fully considered the numerous authorities to which we have been referred by learned and diligent coun-

sel for appellant. We have not been favored with a brief on the part of respondent, but from a review of the evidence and the principles of law applicable thereto we think that the case made by plaintiff entitled him to go to the jury. We have found no reversible error in the instructions under which the court below submitted the issues, and no question is raised as to the amount of the verdict. We are, therefore, of the opinion that the judgment ought to be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.