FREDERICK GROTE and WILLIAM GROTE, Executors of the Estate of C. AUGUST GROTE, Respondents v. HARRY L. HUSSMANN, Appellant.

St. Louis Court of Appeals. Opinion Filed June 8, 1920.

1. **NEGLIGENCE: Contributory Negligence: Falling Down Open Elevator Shaft: Contributory Negligence: Question for the Jury.** In action for damages for personal injuries sustained by falling down an elevator shaft on the premises of defendant, where plaintiff's testimony shows that he was not only upon the premises by the implied request of defendant, but an impartial and fair inference to be drawn from his statements would be that he was requested to go up-stairs to look at second-hand machinery which he had been asked to examine prior to its installation by defendant, and that when he started to the elevator shaft he saw defendant's employee standing in front of it with the door open and his hand upon the door, a silent invitation to enter, and this portion of the building was dark and no lights burning, etc., the question whether plaintiff was guilty of contributory negligence was for the jury.

2. **APPELLATE PRACTICE: Jurors Triers of Facts: Not Duty of Appellate Court to Reconcile Conflicting Testimony.** The jurors were the triers of the facts, and it was their duty and not that of the appellate court, to reconcile conflicting testimony.

3. **INSTRUCTIONS: Instruction on Negligence Need not Include Defense of Contributory Negligence.** Where plaintiff's theory of the case is correctly submitted in an instruction given covering all the requirements of his right to recover, and an instruction is given for the defendant, correctly submitting the defense of contributory negligence, then the instructions taken as a whole, correctly submit the entire case to the jury.

4. **NEGLIGENCE: Falling Down Open Elevator Shaft: Evidence: Question for the Jury.** In an action for damages for personal injuries sustained by falling down an elevator shaft on the premises of defendant, evidence held sufficient to take case to the jury.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Benjamin J. Klene*, Judge.

AFFIRMED.

*Clarence T. Case and Victor J. Miller* for appellant.

(1) The rule in Missouri is that where plaintiff has by a negligent act on his part directly contributed to his own injury, he may not recover, regardless of how his carelessness compares with the other contributory causes of the injury. Newton v. Wabash Railway Company, 152 Mo. App. 167; Schmidt v. St. Louis Railroad, 149 Mo. 269, 287; Neal v. Gillett, 23 Conn. 443. Where testimony for plaintiff establishes truth of facts set up as new matter in answer, and these facts preclude recovery upon part of plaintiff, trial court, as matter of law, should direct verdict for defendant. Torry v. Hardy, 196 S. W. 1100; Powell v. Railway Co., 76 Mo. 83; Hudson v. Railway Co., 101 Mo. 14; Meteer v. Railway Co., 105 Mo. 320; McFarland v. Railway Co., 125 Mo. 254; Homuth v. Street Railway Co., 129 Mo. 629; Sissele v. Railway Co., 214 Mo. 515; Van Dyke v. Railroad, 224 Mo. 259; Collett v. Kuhlman, 243 Mo. 585; Burge v. Railroad, 244 Mo. 76; Reeves v. Railroad, 215 Mo. 169; Rollison v. Railroad, 252 Mo. 525; Kelle v. Railroad, 258 Mo. 62; Vandeventer v. Railway Co., 177 S. W. 839. (2) The proximate cause of an injury is that negligence which sets in motion a train of events that in natural sequence might and ought to be expected to produce an injury as undisturbed by an independent intervening cause. Powell v. Walker, 195 Mo. App. 150; Marshall v. United Railways Co., of St. Louis, 184 S. W. 164, 209 S. W. 931. (3) While the appellate court will not ordinarily disturb the verdict of the jury on the question of the weight of the evidence, it will not hesitate to do so when the verdict is not supported by the evidence. Lyons v. Conder, 253 Mo. 539, 561; Powell v. Mo. Pac., 76 Mo. 84; McFarland v. Accident Ass'n, 124 Mo. 222; O'Donnell v. Railroad, 152 Mo. App. 614; Fitzjohn v. Transit Co., 183 Mo. 78; Knisely v. Leathe, 178 S. W. 461; College v. Dockery, 241 Mo. 522; Van Zandt v. Wholesale Groc. Co., 196 Mo. App. 658. (4) An instruction for plaintiff which purports to cover the

whole case is erroneous if it omits any reference to defenses pleaded and in evidence or assumes a controverted fact to be true. Van Zandt v. Wholesale Gro. Co., 196 Mo. App. 641; King v. Lusk, 196 S. W. 67, 69; Neely v. Snyder, 193 S. W. 610; Riesmiller v. St. Louis, etc., Railway Co., 187 S. W. 573, 574; Peoples Bank of Ava v. Baker, 193 S. W. 632. (5) Plaintiff's own negligence, which produced his injury, was the proximate cause of that injury, and should so have been declared as a matter of law. Marshall v. United Railways Company, 184 S. W. 165, 209 S. W. 931. (6) No duty is imposed by law upon the owner or occupier of a building to keep said premises in a suitable condition for use of a mere licensee. Behre v. Hemp & Co., 191 S. W. 1038; Shaw v. Goldman, 116 Mo. App. 332, 342.

*William F. Woerner and Campbell Cummings* for respondent.

(1) Both under the allegations of the petition and under the evidence, the plaintiff clearly was not a mere licensee, but an invitee; he was not only impliedly such, but was expressly invited, requested and directed by the defendant himself to go to an upper floor on business for the benefit of defendant. Defendant was, therefore, liable for his negligence in failing to keep his premises in reasonably safe condition for that use thereof to which he had invited plaintiff. Glaser v. Rothschild, 221 Mo. 180; Aiken v. Sidney Steel Scraper Co., 197 Mo. App. 673, Shaw v. Goldman, 116 Mo. App. 332, 338-340; Hubbard v. Wabash Railway (Mo. Sup.), 193 S. W. 579, 584, 9 Rul. Case L., p. 1256, par. 22; Morgan v. Saks, 143 Ala. 139. (2) Here the petition is clearly impervious to attack on direct demurrer. But even if it were not, and if it stated a cause of action defectively, or imperfectly, it would be good against the objection to introduction of evidence, which is a method of attack which the courts do not encourage or favor, and only permit where the petition states no cause of action at all. Applegate v. Railroad, 252 Mo. 173, 194-195; Sharp v.

Railway Co., 213 Mo. 517, 527; McDermott v. Claas, 104 Mo. 14, 21-22; O'Hara v. Lamb Const. Co., 200 Mo. App. 292, 298. (3) The plaintiff was not chargeable with contributory negligence, at all events not as a matter of law. This was properly left to the jury under the circumstances shown by the evidence in this case. Aiken v. Sidney Steel Scraper Co., 197 Mo. App. 673, s. c. 198 S. W. 1139; Johnson v. Railroad, 150 Mo. App. 304, 323-324; 9 Rul. Case L., p. 1257; Roper v. Greenspon, 272 Mo. 288, 303-304; Morgan v. Saks, 143 Ala. 139, 141. Where the facts with respect to negligence are such that reasonable minds differ, the case must go to the jury. The issue as to contributory negligence must always be submitted to the jury, unless the only rational inference to be drawn from the undisputed facts excludes the idea that such care was observed as a person of ordinary prudence would have exercised under the particular facts of the case. Aiken v. Sidney Steel Scraper Co., supra; Threlkeld v. Wabash Railway Co., 68, Mo. App. 127, 131; Enloe v. Car & Foundry Co., 240 Mo. 443, 448; Roper v. Greenspon, 272 Mo. 288, 303; Brown v. M., K. & T. Railway Co., 201 Mo. 316. (4) It is not necessary to determine the question whether the law of this State requires "an instruction for plaintiff which purports to cover the whole case" to incorporate a reference to the affirmative defense of contributory negligence (on which point the cases in this State are at variance: See Bliesner v. Dist. Co., 174 Mo .App. 141, 150; Meily v. Railroad, 215 Mo. 567, 587; Johnson v. Railroad, 150 Mo. App. 306, 323; Wingfield v. Railroad, 257 Mo. 375-379; Riegel v. Biscuit Co., 169 Mo. App. 513). That rule is not invocable here because the plaintiff's instruction did this very thing, in conditioning plaintiff's recovery on his having proceeded "in the exercise of ordinary care." This is a sufficient reference to the issue of contributory negligence to direct the attention of the jury thereto so that the instruction is not inconsistent with the defendant's specific instructions on contributory negligence. Wright v. Mining Co., 163

Mo. App. 536, 538-539. A reference to such defense may be either affirmative or negative. Enloe v. Car & Foundry Co., 240 Mo. 443, 448. Hence, not being inconsistent, all the instructions should be read together, and that issue was fairly submitted. Craig v. United Railways, 175 Mo. App. 618, 628. (5) Leaving the floor entrance to a passenger elevator shaft wide open in a poorly lighted locality is actionable negligence. Aiken v. Sidney Steel Scraper Co., 197 Mo. App. 673, 198 S. W. 1139; 9 Rul. Case L., p. 1257, par. 23; Morgan v. Saks, 143 Ala. 139. See, also, Threlkeld v. Wabash Railway, 68 Mo. App. 127, 131. Especially is this true when associated with the defendant's employee standing by with his hand on such open door as if awaiting the passenger's entry into the car. (6) Even where there is error in an instruction, that will not permit of reversal, if the error is in a mere matter of inducement, or if it is harmless or nonprejudicial, or does not go to the merits so as to affect the substantial rights of the adverse party. R. S. 1909, secs. 1850, 2082; Hubbard v. Wabash Railway,—Mo.—, 193 S. W. 579, 585, par. 6, 8, 9; Montgomery v. Deering Railway, 194 S. W. 894, 896; Sharp v. Railway, 213 Mo. 517, 528; Peterson v. Transit Co., 199 Mo. 331, 344; Roberts v. Central Co., 95 Mo. App. 581, 598. The judgment is obviously not excessive. Hubbard v. Wabash Railway (Mo. Sup.), 193 S. W. 579 l. c. 584.

NIPPER, C.—This is an action for damages for personal injuries, alleged to have been sustained by C. August Grote, by falling down an elevator shaft on the premises of appellant Hussmann.

Since the appeal was filed in this court, the original plaintiff died, and the present respondents were substituted as parties plaintiff.

The jury returned a verdict for plaintiff in the sum of $10000.

The defendant filed a motion for new trial, after which the trial court made an order that unless plaintiff

remitted $5,000 from the verdict, the motion for new trial would be sustained. Plaintiff thereupon filed his remittitur in the sum of $5,000. The court then over-ruled the motion for a new trial, and defendant ap-peals.

The negligence alleged in the petition is that de-fendant and his agents and servants in charge of the ele-vator carelessly and negligently opened, and caused and permitted to stand open, said entrance door of said elevator shaft, and failed to guard the open entrance, when they knew, or should have known by the exercise of ordinary care, that by reason of the dark condition of said shaft, plaintiff, by the exercise of ordinary care, would not know that the elevator was not at the entrance, and that they carelessly and negligently failed to keep said elevator shaft entrance closed and properly guarded, or to properly warn plaintiff.

Defendant's answer was a general denial and a plea of contributory negligence, in that plaintiff saw, or by the exercise of ordinary care could have seen, that the elevator was not at the floor, and that although warned by defendant not to go into the opening, the plaintiff carelessly and negligently pushed himself past one of defendant's servants and stepped into said opening and fell to the bottom of the shaft.

Plaintiff's reply was a general denial.

Plaintiff testified that he was a salesman for a wood-working machine company, and had worked for this company for many years. He was acquainted with the de-fendant and had been for some time prior to the date he sustained the alleged injuries, which was on the 10th of September, 1915. The defendant was in the butcher supply business, and had just started in the business, and was putting in machinery to build ice-boxes, re-frigerators, etc. Defendant was conducting his business in a four-story building, located at 911 North Broad-way, St. Louis. Prior to the date of his injuries, plain-tiff had sold Hussmann some machinery, and had gone down in South St. Louis, at the direction of Hussmann,

to look at some second-hand machinery. On the day he received his injuries, and at about two or three o'clock in the afternoon, he went to Hussmann's place of business to see if he had installed this second-hand machinery. Immediately prior to the accident, he was talking to Hussmann near a counter on the first floor of the building, and within about four feet of the elevator shaft. This elevator shaft was located near the center of the building, and was operated by means of a rope. When anyone desired to use the elevator they would open the door leading to the elevator shaft, and reach in and pull the rope, and bring the elevator either up or down as they desired. The door to the shaft was kept closed, except when the elevator was at the floor where the door was open. After talking to defendant for some little time, one of defendant's servants or employees came to the elevator shaft door and opened the door. Plaintiff had started up-stairs to look at the machinery which had recently been installed, just about the time defendant left the store. As to what took place just at this time, and why plaintiff was attempting to use the elevator, we quote from the record:

"Q. All right; now state what occurred in your own words while you were talking with Mr. Hussmann, and afterwards? A. After I came there and talking to Mr. Hussmann and Mr. Hussmann told me—I asked him if he got that machine and he says, 'Yes, it is up-stairs,' and he told me them words. He says, 'I will tell you, I have got to leave tonight for Chicago and Grand Rapids, and I come back next week and then I give you an order for the other machine, and I was to go up-stairs there to tell Charlie and post him how to put that machine in the right place to keep that agoing,' and that is the words Mr. Hussmann told me and I turned around and I says, 'All right, Harry,' and we was always good friends, and I turned around and the elevator door was wide open and the man was standing right alongside of the elevator and I thought that the

elevator was. there waiting for me, and I walked right in and fell down.

"Q. How wide open was that door? A. All the way open; it was a big open door.

"Q. What was the situation there with respect to light? A. I didn't notice that; that was all gray on the bottom.

"Q. Was there much light or little light? A. Little light.

"Q. How much was turned on, could you say? A. You could see everything dark and gray, so you can't tell another floor from the elevator, if the elevator is there. If the elevator is there it is working there, if it is there."

Plaintiff fell into the elevator shaft eighteen feet below, and received many injuries, which it is unnecessary here to set out, after which he was taken to a hospital where he remained for many weeks.

Plaintiff testified on cross-examination that he had been on this elevator before on numerous occasions; that there was a small light in the elevator, but it was never turned on until after he got into the elevator; and when asked the question that if he did not know that the opening there was dark, and there was no elevator there, he stated he thought the elevator was there because the door was away open, and the man standing alongside of the elevator door. He says he passed directly in front of the man standing by the elevator door.

Alfred J. Heyer, testifying for defendant, stated that he was in the employ of defendant at the time the accident occurred, and was standing by the elevator shaft with the door partly open, and his hand upon the door; that he was talking to Hussmann as he left the building, and while so doing, plaintiff pushed himself in behind him and stepped into the elevator shaft; and he held tightly to the door to keep from falling into the shaft with plaintiff. His contention was that the door was only open about eight inches; that he had gone to

the elevator shaft and opened the door and pulled the
rope to let the elevator come down, and while waiting
for it to come down was standing with his back to the
opening talking to Hussmann, who had turned toward
him as he started to leave the building; that just before
plaintiff stepped into the shaft, or about the time he
stepped in, he heard defendant say, "Gus don't go in
there. Don't go in there Gus," but that plaintiff push-
ed by his shoulder and stepped in. He said that he did
not remember whether it was light or dark on that day,
but that as a general rule they kept a light or two burn-
ing in through the rear of the store. The large light
and all the front lights were out. He testified further
that when the elevator is about to be used by passengers,
you stand right by the elevator, just as he was doing on
this particular occasion.

Defendant, testifying in his own behalf, said that
when plaintiff entered the store they stood there at the
counter and talked for some time; that while they were
talking, Heyer was getting the elevator down to go up-
stairs; that plaintiff said he believed he would go up-
stairs and see Charlie, meaning another employee of
defendant; that he started away and looked back and
saw plaintiff starting toward the elevator shaft, and
called to him to not go in there. He said he did not re-
member as to the condition of the lights in the store on
that day; that he did not remember just what conver-
sation they had about the machinery before plaintiff
started to go up-stairs.

Defendant offered an instruction in the nature of a
demurrer at the close of plaintiff's case, which was over-
ruled, and again offered such an instruction at the close
of all the testimony, which was again overruled.

The court then gave an instruction for the plaintiff,
telling the jury, among other things, that if they found
from the evidence plaintiff was in said building trans-
acting business with defendant, and while there was re-
quested by defendant to go into said elevator to one of
the upper floors of the building, and plaintiff, in com-

pliance with the request, approached the entrance to said elevator shaft, and that at the time, defendant, his agents and servants had carelessly and negligently left said door open, and said entrance unguarded, although they knew, or by the exercise of ordinary care could have known that said elevator was not at said entrance, or if at said entrance it might at any time be moved therefrom by someone operating it from another floor, and leave said entrance open and unguarded, and that plaintiff saw the said door thereto open and the entrance unguarded, and believing said elevator was at said entrance, and in the exercise of ordinary care stepped through this entrance intending to enter the elevator, and fell to the bottom of the shaft and was injured, then their verdict should be for plaintiff.

It is unnecessary, at this point, to refer to other instructions.

The appellant urges here:

First. That the court erred in not sustaining its demurrer to the evidence, because the evidence shows plaintiff guilty of contributory negligence as a matter of law.

Second. That the instruction given for the plaintiff purporting to cover the whole case, is erroneous, because it makes no reference to the defense pleaded and in evidence.

Third. That plaintiff was a mere licensee and no duty was imposed by law upon the defendant to keep said premises in a suitable condition for his use.

Appellant, to support his first contention relies largely upon the case of Marshall v. United Railways Co., — Mo. App. —, 184 S. W. 159, 164; — Mo. —, 209 S. W. 931. A careful examination of the facts in that case, as compared with the facts revealed in this one, we think does and should make a clear distinction between the two, calling for an entirely different application of the rules of law. In the Marshall case, the plaintiff, a boy about fifteen years old, without any inducement or reason therefor, and with such utter disregard of his own safety,

rushed and jumped into an unknown and dark elevator shaft without any attempt to ascertain the conditions, and in doing so was doing something or attempting to do something not in line with his duty or employment, and was not acting upon the request or at the direction, express or implied, of any one.

If plaintiff's testimony be taken as true, he was not only upon these premises by the implied request of defendant, but an impartial and fair inference to be drawn from his statements would be that he was requested to go up-stairs to look at the second-hand machinery which he had been requested to examine prior to its installation by the defendant. When he started to the elevator shaft, he saw defendant's employee standing in front of this elevator shaft, with the door open and his hand upon the door, a silent invitation to enter. This portion of the building was dark; the lights there were not burning. Defendant's witness, Heyer, so testified; and this same witness admits in his testimony that the door was open, and that he was standing in exactly the same position he would stand when he was ready to take passengers up on this elevator. This witness says that he had his back turned to defendant at the time he entered the shaft. If the jury believe this theory, they could still have found defendant guilty of negligence, for it cannot be said that defendant or his employee could open the door to an elevator shaft in which there is an elevator used for the purpose of carrying passengers, and stand there in an attitude indicating that passengers may enter if they so desire, and turn his back to this opening, and permit plaintiff under such conditions, and in a poorly lighted portion of the building, to walk into the shaft and be injured, and then claim that plaintiff was guilty of contributory negligence as a matter of law.

Defendant claims he gave warning, and in this he is corroborated by Heyer. But the jurors were the triers of the facts, and it was their duty, not ours, to reconcile conflicting testimony. We think there was no error in

Grote v. Hussmann.

overruling appellant's demurrer, and that there was sufficient evidence to submit this case to the jury. [Aiken v. Sidney Steele Scraper Co., 197 Mo. App. 673, 198 S. W. 1139; Baldwin v. Hanley & Kinsella Coffee Co., — Mo. App. —, 216 S. W. 998.]

It is next urged that the court erred in giving plaintiff's instruction to the jury, because the instruction is misleading and erroneous, in that it failed to submit or include for the consideration of the jury, the defense of contributory negligence. We do not think this contention of appellant is sound, and it cannot be upheld. This instruction told the jury that plaintiff could recover if they found certain facts, and one of these facts was that plaintiff was in the exercise of ordinary care at the time he stepped into the elevator shaft. And while it is not necessary to decide whether this instruction standing alone would sufficiently place before the jury the defense of contributory negligence, yet defendant requested and the court gave his instructions, fully submitting the defense of contributory negligence to the jury. The cases cited and relied upon by appellant do not support his contention. Where plaintiff's theory of the case is correctly submitted in an instruction given covering all the requirements of his right to recovery, and an instruction is given for the defendant correctly submitting the defense of contributory negilgence, then the instructions, taken as a whole, correctly submit the entire case to the jury. [Meily v. Railroad, 215 Mo. 567, 114 S. W. 1013; Bliesner v. Distilling Co., 174 Mo. App. 139, 157 S. W. 980; Jackson v. Telegraph Co., 174 Mo. App. 70, 156 S. W. 801; Viles v. Viles, — Mo. App. —, 190 S. W. 41; Wright v. Mining Co., 163 Mo. App. 536, 147 S. W. 213.]

We think the jury may have found from the testimony that plaintiff undertook to use the elevator on this occasion at the request of appellant, and that there was sufficient evidence to take this case to the jury. The judgment, as entered after the *remittitur*, was not excessive and the case was fairly submitted to the jury under the instructions. \

Finding no reversible error, the Commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Reynolds,* P. J., *Allen* and *Becker, JJ.,* concur.