## J. EDWARD WRIGHT, Respondent, v. DINGER MINING COMPANY, Appellant.

### Springfield Court of Appeals, May 6, 1912.

1. **NEGLIGENCE: Contributory Negligence: Question for Jury.** Plaintiff alleged that while he was working in a mine a fellow-servant threw a large stone which struck plaintiff's foot and injured him. Defendant set up that plaintiff was guilty of contributory negligence in putting his foot in front of the stone. The evidence is examined and *held* that the questions of negligence and contributory negligence were for the jury.

2. **INSTRUCTIONS: Contributory Negligence: Omitting Issue.** In an action for damages for personal injuries alleged to have been received through defendant's negligence, where the defense is contributory negligence, an instruction for plaintiff entirely omitting the issue of contributory negligence is not erroneous where an instruction given for the defendant fairly submits the question.

3. **MASTER AND SERVANT: Fellow-Servant: Vice-principal: Instructions.** Where plaintiff sues on the theory that the injury received by him was due to the negligence of a fellow-servant, but offers some testimony tending to show that the servant was a vice-principal and one of the instructions ignores the question of plaintiff being a fellow-servant, this is not material error, for defendant would be liable whether the servant causing the injury was a fellow-servant or a vice-principal.

4. **INSTRUCTIONS: Negligence: Instruction Assuming Negligence.** In an action for damages for personal injuries to a fellow-servant an instruction is examined and *held* not subject to the objections that it assumes that the fellow-servant was negligent.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair*, Judge.

AFFIRMED.

*S. W. Bates* and *W. R. Robertson* for appellant.

(1) Plaintiff has brought and tried his case on the theory of defendant's liability for the negligence

of Breedlove, his alleged fellow-servant, he must so recover, if at all, and therefore, the fourth and fifth instructions, which ignore that theory are wrong. Latapie-Vignax v. Saddlery Co., 193 Mo. 1; Hamilton v. Railroad, 114 Mo. App. 509; Crow v. Railroad, 212 Mo. 610; Percell v. Railroad, 126 Mo. App. 49. (2) The error of failing to base the fourth and fifth instructions for plaintiff on the theory of liability, if the jury found that he and Breedlove were fellow-servants, was not cured by the instructions as a whole. Wilks v. Railroad, 141 S. W. 910; Stanley v. Railroad, 112 Mo. App. 609; Percell v. Railroad, 126 Mo. App. 53.

*Thompson & Thompson* for respondent.

(1) The trial court in passing upon a demurrer to the evidence should place the most favorable construction possible on plaintiff's theory of the evidence allowing every inference that could be reasonably deducted from the evidence in his behalf. Deitring v. Transit Co., 109 Mo. App. 524; Hallweg v. Telephone Co., 195 Mo. 145; Phelan v. Paving Co., 115 Mo. App. 423; Luehrman v. Gas Light Co., 127 Mo. App. 215; Root v. Railroad, 195 Mo. 348. (2) The instructions when all considered together fully explain the negligence. In re Long v. Martin, 71 Mo. App. 572, a similar phrase, as follows, "as elsewhere in plaintiff's instructions defined," was used in an instruction and met with a similar criticism. The court held that the other instructions for plaintiff did not present fully the issue not set out but thus referred to in the first instruction and there was no error. Same case approved in re Long v. Martin, 152 Mo. 668. Similar instructions to No. 5 have been approved in this state. Lane v. Railroad, 132 Mo. 4. (3) The law of this state is that all the instructions given must be considered together. Owen v. Railroad, 95 Mo. 181; Daugherty v. Railroad, 97 Mo. 661; Gordon v. Burns, 153 Mo. 232; Meadows v. Ins. Co., 129 Mo. 97; Ander-

son v. Railroad, 161 Mo. 441; Spillane v. Railroad, 111 Mo. 564. (4) The master in this class of cases is liable for injury to an employee caused by negligence of a fellow-servant. R. S. 1909, sec. 5440; Stubbs v. Railroad, 85 Mo. App. 192; Thompson v. Chappel, 91 Mo. App. 297; Brisco v. Railroad, 130 Mo. App. 513.

GRAY, J.—On May 20, 1911, the defendant was engaged in mining in Jasper county, and plaintiff was in its employ as a shoveler in a drift beneath the surface. It was his duty to shovel the ore and dirt into cans when it had been loosened from its natural position. The dirt was loosened by discharging powder that had been placed in holes drilled into the face, roof and walls of the drift. The holes were drilled by machinery, and the servant operating the machine was known as a machine man. It was necessary from time to time to move the machine and set it up in a new place, and in order to do so the broken dirt had to be removed. This work was generally performed by the shovelers, but the machine man sometimes assisted. The plaintiff and his helper and the machine man were engaged in moving loose dirt so the machine could be installed in a place where it was desired to use it. The plaintiff's testimony tends to show that the machine man was standing a few feet from him, and at a higher point in the drift, and plaintiff and his helper were shoveling the dirt into cans from a lower point; that while they were thus at work, the machine man, without any warning, threw a large stone which struck the plaintiff's foot and injured him.

The defense was, that plaintiff negligently put his foot in front of the stone. The plaintiff claimed he saw the stone coming and threw out his foot for protection. If plaintiff's testimony is true, then the defendant's servant threw the stone against him, and no excuse was offered for the act. On the other hand, if defendant's testimony is true, the stone was not

thrown so as to strike plaintiff, and only came in contact with his foot through his own negligence. It is apparent that the question of negligence was for the jury, and it was submitted and the jury returned a verdict for the plaintiff.

It is claimed that plaintiff's first instruction omitted entirely the issue of contributory negligence. In this, counsel for appellant are mistaken, as the instruction required the jury to find that plaintiff was, at the time, in the exercise of ordinary care. But if the instruction had entirely omitted the issue of contributory negligence, it was not erroneous, because in an instruction given for the defendant, the question was fairly submitted. [Meily v. Railroad, 215 Mo. 567, 114 S. W. 1013.]

The petition alleged that the machine man, who threw the stone, and plaintiff, were fellow-servants, and one of the instructions given in behalf of plaintiff ignored this question, and appellant claims that on account thereof, it was erroneous. This contention is based on the fact that defendant offered some testimony tending to prove that the machine man was not a fellow-servant, but had authority to instruct plaintiff at times about his work and to order plaintiff to remove the dirt so that he could set up his machine. We cannot see how this is material. If the machine man was a fellow-servant, then it is conceded that the defendant is liable for his negligence, and it must also be conceded that if he represented the master in ordering the plaintiff to remove the dirt, then the defendant is also liable for his acts.

The last assignment of error is leveled against instruction 4, given in behalf of plaintiff, and which reads as follows:

"The court instructs the jury that while plaintiff in accepting employment of defendant assumed all those risks incident to the employment in which he was engaged, yet plaintiff did not assume those risks,

if any such there were, arising from the negligence, if any, of defendant's employee, Henry Breedlove.''

Appellant claims the instruction assumes Breed- love was negligent. We do not so construe the instruc- tion, as it told the jury that plaintiff did not assume the risk of being injured from the negligence, if any, of the machine man. In other words, it was for the jury to say whether the machine man was guilty of any negligence.

The questions of defendant's negligence, plain- tiff's contributory negligence, and the extent of his injuries, were for the jury, and we believe were prop- erly submitted.

The judgment will be affirmed. All concur.

