262 S.W.2d 357 (1953)
ARKY
v.
KESSELS.
No. 28590.
St. Louis Court of Appeals. Missouri.
November 17, 1953.
Rehearing Denied December 18, 1953.
Louis Gilden, St. Louis, for appellant.
Dearing & Matthes, Will B. Dearing, Hillsboro, for respondent.
HOLT, Jr., Special Judge.
This was a claim by plaintiff for damages for personal injuries occasioned by an automobile collision. The defendant filed a counterclaim and the case was tried with a jury. From a verdict against plaintiff on his claim and for $200 in favor of defendant on his counterclaim, and the resulting judgment, and the ninety-day overruling of plaintiff's motion for a new trial, plaintiff has appealed, upon obtaining a special order from this court permitting him to file a notice of appeal after the statutory ten days had elapsed. We shall designate the parties as below.
*358 Plaintiff's evidence tended to show that: on January 27th, 1951, about 5:30 p. m., accompanied by two boys who had been helping him on his farm that day, he was driving his truck east on Manchester Road near Geyer Road; after passing Geyer Road the truck stalled and the two boys got out to push the truck to a filling station further east; it was dark and misting at the time; the Gas Company had dug a ditch beside the highway there and there were red lamps burning about four feet apart two feet south of it; as the boys were pushing the truck with their backs to it, they noticed defendant's car approaching from the west; when it was about twenty feet away and hadn't turned or slowed, one of the boys waved at it and they both jumped into the ditch; the car struck the truck in the rear and knocked it about fifteen feet forward, bouncing plaintiff off its roof and rendering him unconscious; the truck's taillight and both headlights were burning at the time of the impact; the boys later helped plaintiff out of the truck and home on a bus and street-car; a day or so later plaintiff went to a doctor for treatment of his head, neck, and back and did so, in all, a couple of dozen times; plaintiff's back was still bothering him, and the truck had depreciated about $500 as a result of the accident, and he had lost earnings of about $40 per week until June or July 1951.
Defendant's evidence tended to show that: on the night in question, accompanied by two young men, he was driving east in the right hand lane of four lane Manchester Road enroute to a picture show in Kirkwood, Missouri; it was dark with a light rain falling and his windshield wipers were on; he was driving about thirty miles per hour; his lights gave him a vision of 20-25 feet and when that distance away from plaintiff's truck his headlights picked it up; he applied his brakes but was unable to stop before striking the truck; there were no lights burning on the truck; he was shaken up in the accident and lost about twenty-five days work at $9.76 per day as a result of it, and he saw a doctor about ten times at $4 per visit.
The plaintiff first complains here of the trial court's failure to direct a verdict on defendant's counterclaim, arguing that we should take judicial notice that an automobile traveling at a speed of thirty miles per hour can be stopped in forty-four feet, and as defendant's lights gave him vision of twenty-five feet he was guilty of negligence as a matter of law within Solomon v. Duncan, 194 Mo.App. 517, 185 S.W. 1141. The plaintiff made no motion for a directed verdict on defendant's counterclaim at the trial, nor was the failure to do so mentioned in his motion for a new trial. Under Section 512.160 RSMo 1949, V.A.M.S., paragraph 1, we cannot consider this contention of error unless it is such as to be considered under Supreme Court Rule 3.27. Plaintiff has cited us no case where such judicial notice as he suggests was taken. In fact, the only Missouri case we have found mentioning the matter states: " * * * courts may not take judicial notice of the precise distance a given automobile may be stopped under given conditions * * *." McCombs v. Ellsberry, 337 Mo. 491, loc. cit. 498, 85 S.W.2d 135, loc. cit. 138.
Further, as we pointed out in Mayne v. May Stern Furniture Co., Mo.App., 21 S.W.2d 211, the Solomon case did not lay down a hard and fast rule that driving at a speed which prevented stopping within the extent of the driver's vision was negligent, but rather that that conclusion depends on the facts of the particular case. See also the recent cases of Thompson v. Byers Transportation Co., 362 Mo. 42, 239 S.W.2d 498, and Johnson v. Lee Way Motor Freight, Mo., 261 S.W.2d 95. It follows that we do not think plaintiff's contention a "plain error" within Rule 3.27.
The plaintiff next complains of the following instruction given in behalf of defendant:
"The Court instructs the jury that if you find and believe from the evidence that the plaintiff was operating a motor truck over a public highway in St. Louis County without lights, or *359 that said motor truck was stopped on the highway without lights, and if you further find that in so doing the plaintiff was guilty of negligence, and that as a direct and proximate cause of said negligence the defendant's automobile collided with the rear of the plaintiff's truck, and if you further find that the defendant was at all times exercising the highest degree of care in the operation of his motor vehicle, then you are instructed that under the law the defendant is entitled to recover on his counterclaim."
Plaintiff's criticisms of the instruction are not too clear, but seemingly are that it does not hypothesize sufficient facts as to plaintiff's negligence or defendant's freedom from negligence. Defendant's instruction was apparently drawn with Sections 304.270 and 304.310 RSMo 1949, V.A.M.S., primarily in mind. Though frequently in an instruction directing a verdict for the violation of a statute or ordinance, its exact verbiage is used, it is not necessary to do so as long as its substance is incorporated. Smyth v. Hertz Driv-Ur-Self Stations, Mo.App., 93 S.W.2d 56, loc. cit. 58 and 59; Petty v. Kansas City Public Service Co., 354 Mo. 823, 191 S.W.2d 653, loc. cit. 656 and 657. For the general requirements of such instructions involving unlighted vehicles see Roper v. Greenspon, Mo.App., 210 S.W. 922, loc. cit. 924 and 925; Counts v. Thomas, Mo.App., 63 S.W.2d 416, loc. cit. 420, and Cox v. East St. Louis City Lines, Mo.App., 181 S.W.2d 193, loc. cit. 199. We do not see what other facts defendant should have hypothesized, except that it was between "a half-hour after sunset" and "a half hour before sunrise." Concerning that there was no dispute and the trial court was entitled to assume it and omit it from the instruction. Martin v. Graham Ship-By-Truck Co., Mo.App., 176 S.W.2d 842, loc. cit. 846.
As to defendant's failure to hypothesize facts establishing his freedom from negligence in his verdict directing instruction, it required a finding that "defendant was at all times exercising the highest degree of care in the operation of his motor vehicle." Also plaintiff offered and the trial court gave an instruction submitting defendant's negligence as a defense to the counterclaim. In Wright v. Dinger Mining Co., 163 Mo.App. 536, loc. cit. 539, 147 S.W. 213, loc. cit. 214, it was said:
"It is claimed that plaintiff's first instruction omitted entirely the issue of contributory negligence. In this, counsel for appellant are mistaken, as the instruction required the jury to find that plaintiff was, at the time, in the exercise of ordinary care. But, if the instruction had entirely omitted the issue of contributory negligence, it was not erroneous, because, in an instruction given for the defendant, the question was fairly submitted. Meily v. [St. Louis & S. F.] Railroad [Co.], 215 Mo. 567, 114 S.W. 1013."
Though the Wright case involved a claim rather than a counterclaim, the principle is the same. It follows that plaintiff's criticisms of Instruction No. 5 are without merit.
The judgment is affirmed.
BENNICK, P. J., and ANDERSON, J., concur.