Harry M. McCLINTOCK (Plaintiff),
Respondent,

v.

James F. PRICE (Defendant), Appellant.

No. 29388.

St. Louis Court of Appeals.
Missouri.

Sept. 18, 1956.

Samuel Richeson, Hillsboro, for appellant.

Larry J. Casey, Potosi, for respondent.

MATTHES, Judge.

In this action for personal injuries and property damage growing out of an automobile collision, which has been reassigned to the writer of this opinion, plaintiff recovered a jury verdict for $3,000. The jury also found against defendant on his counterclaim for personal injuries and property damage resulting from the collision. Judgment was accordingly rendered. Defendant appealed, and in this court limits his contentions of error to an attack upon verdict-directing instruction No. 1, given at the request of plaintiff. For a proper understanding of defendant's points in regard to the instruction, we set it out in full:

"The Court instructs the Jury that if you find and believe from the evidence that on the occasion mentioned in evidence the plaintiff was operating his automobile in a northwardly direction along Highway 21 approximately twelve miles north of Potosi, Missouri; and if you further find that the plaintiff was then and there exercising the highest degree of care for himself and for others upon the said highway, if you so find; and if you further find that the defendant was then and there operating his automobile in a southwardly direction along said highway, if you so find; and if you further find that the defendant negligently drove his automobile to the left and into plaintiff's proper northbound lane of said highway, if you so find; and if you further find that plaintiff was then and there operating plaintiff's automobile in the proper, or righthand northbound lane of said highway, if you so find; and if you further find that the defendant so operated his automobile so as to cause the same to collide with plaintiff's automobile in the northbound lane of said highway, if you so find; and if you further find that such acts of the defendant were negligent, if you so find; and if you further find that as a direct and proximate result of the aforesaid acts of the defendant the plaintiff was caused to suffer bodily injuries and property damage, if you so find, then your verdict will be in favor of the plaintiff and against the defendant herein." (Emphasis supplied).

The defendant having made no attack upon the sufficiency of the evidence to support the verdict or instruction No. 1, a detailed statement of the facts is not required. In order to properly evaluate the merit of the assignments upon which defendant relies, it is sufficient to say that a factual issue was presented upon the vital question of the position of the respective automobiles immediately prior to and at the time of the impact. In this connection the evidence seemed to preponderate in favor of plaintiff's theory, and apparently the jury so concluded, which was that he was traveling northwardly on State Highway No. 21 and to the right of the center line of the two-lane asphalt pavement when the defendant, going in the opposite direction, turned his automobile to the left and directly in the path of plaintiff's automobile when plaintiff was only 20 or 25 feet away and

traveling approximately 40 miles per hour. According to disinterested witnesses, plaintiff's automobile was in the proper (northbound) lane just prior to the collision, and all of the witnesses who gave testimony on the subject stated that following the collision plaintiff's automobile was partly in the northbound lane and partly on the east shoulder of the highway, and defendant's automobile was in the ditch which paralleled the east shoulder. To refute plaintiff's testimony the defendant's version of the occurrence was that upon entering Highway No. 21, approximately 600 yards north of the point of the collision, he proceeded southwardly on the highway until he reached a point where the north entrance to Junction Tavern intersected the highway. Junction Tavern was situated east of and adjacent to the highway, and defendant intended to enter upon said Tavern property, and in order to do so it was necessary for him to make a left turn off the highway. When he reached the north entrance to said property he saw a vehicle approaching, approximately 200 yards away. He concluded he should wait until the automobile had passed before making the turn, and so brought his automobile to a complete stop with the front wheels turned to the left. He was emphatic in stating that his automobile was in the lane for southbound traffic, and that no portion thereof was to the left of the center of the highway. After defendant brought his vehicle to a stop and saw the approaching northbound automobile, he had no further recollection as to what occurred.

Not only did the defendant contend in the trial court that the plaintiff was guilty of negligence in driving his automobile across the center line and into defendant's automobile at a time when it was stopped in the position aforesaid, but that plaintiff drove and operated his automobile at a high and excessive rate of speed under the existing circumstances. While the issue of excessive speed had meager, if any, factual support, nevertheless the defendant prevailed

upon the court to submit that question to the jury by instructions.

Defendant contends that instruction No. 1 was prejudicially erroneous in that it directed a verdict for plaintiff without imposing upon the jury the duty of finding that the negligence of the defendant was the proximate cause of plaintiff's injuries and property damage. More precisely it is said the jury could have understood that the words, "and if you further find that as a direct and proximate result of the *aforesaid acts*", etc., related to certain hypothesized acts of the defendant which could not constitute negligent operation of the automobile, and that such language authorized a verdict for plaintiff upon a mere finding that "the defendant was then and there operating his automobile in a southwardly direction along said highway".

■ We cannot agree with the meaning which able counsel for defendant has placed upon the instruction. Although it is not artfully worded and not to be taken as a model, we have no hesitancy in holding that when considered as a whole, the instruction served to properly guide the jury in its deliberations. That we must determine the correctness of the instruction by viewing it in its entirety and not in parts is a fundamental rule. Raymond Missouri Instructions, Vol. 1, p. 182, Sec. 208; West v. St. Louis Public Service Co., Mo.Sup., 236 S.W.2d 308; Wooldridge v. Scott County Milling Co., Mo.App., 102 S.W.2d 958; Smith v. Southern Illinois & Missouri Bridge Co., 326 Mo. 109, 30 S.W.2d 1077. It is equally well established that an instruction should not be condemned to the point of holding it prejudicially erroneous by removing from the context isolated words, phrases, sentences, and paragraphs. West v. St. Louis Public Service Co., supra; Mendenhall v. Neyer, 347 Mo. 881, 149 S.W.2d 366, loc.cit. 371; Warsham v. Lewis, Mo.App., 281 S.W. 82. It is likewise commonplace that, " 'instructions to juries must be read and construed together

and, as a whole, as stating the law for the guidance of the jury. They must not be conflicting, but may be supplementary to or explanatory of each other.' Scott v. First Nat. Bank in St. Louis, en banc, 343 Mo. 77, 119 S.W.2d 929, 939, 940. When all the instructions, construed together, harmonize and clearly and specifically require the finding of all essential elements any indefinite, ambiguous and misleading language in a particular instruction is cured. Larey v. Missouri-Kansas-Texas R. Co., 333 Mo. 949, 64 S.W.2d 681, 684; Schroeder v. Rawlings, 348 Mo. 824, 155 S.W.2d 189, 191; 1 Raymond Missouri Instructions, p. 183, Sec. 209." Mueller v. Schien, 352 Mo. 180, 176 S.W.2d 449, loc.cit. 452.

By applying these rules of construction, we hold that a jury of ordinarily intelligent laymen who should be credited with common sense and reasonable discernment, West v. St. Louis Public Service Co., Mo.Sup., 236 S.W.2d 308, loc.cit. 310, would understand that plaintiff was entitled to recover only upon a finding of these essential elements which were properly hypothesized: (1) Plaintiff was operating his automobile northwardly on the highway in the exercise of the highest degree of care; (2) defendant was operating his automobile southwardly on the same highway; (3) defendant drove his automobile to the left and into plaintiff's proper lane of the highway at a time when plaintiff was in his proper lane; (4) that defendant drove his automobile so as to collide with plaintiff's automobile in the *northbound lane of the highway;* (5) that such acts of the defendant were negligent, and that as a result thereof the plaintiff was injured.

Having in mind that the meritorious controversy was focused upon whether plaintiff or defendant was guilty of negligence in driving and operating his automobile into the wrong lane of the highway so as to cause the collision, we cannot escape the conclusion that the jury understood the clause, "and if you further find that *such*

*acts* of the defendant were negligent", to mean and refer to the driving into the northbound lane and into collision with plaintiff's automobile. And measured in the light of the rules herein enunciated, we are compelled to hold that the criticized words, "aforesaid acts", were taken and understood by the jury to mean and refer to the negligent acts of defendant. This deduction has even greater force upon consideration of the instruction in connection with, and in the light of, an appropriate instruction offered by the defendant which clearly and unmistakably presented the litigated issue to the jury, and directed a verdict for defendant upon a finding that plaintiff's automobile was on the wrong side of the highway.

Neither are we persuaded to hold, as finally urged by defendant, that instruction No. 1 was improper, resulting in prejudice to defendant, because it failed to submit the affirmative defense of contributory negligence which was properly raised by defendant's answer. Not only did the instruction require the jury to find, as a prerequisite to a verdict, that plaintiff was exercising the highest degree of care for others upon said highway, which was sufficient to negative contributory negligence on the plaintiff's part, Arky v. Kessels, Mo. App., 262 S.W.2d 357, but defendant offered, and the court gave, instruction No. 8, which clearly and fully submitted plaintiff's negligence as a defense to his cause of action. Thereby the jury was told that upon finding that plaintiff operated his automobile at a rate of speed which was excessive and dangerous under the circumstances, or operated his automobile upon his wrong or left-hand side of the highway, that such acts constituted negligence on the part of plaintiff, and that such negligence caused or contributed to cause the collision, then plaintiff could not recover. Even if it could be said that instruction No. 1 had entirely omitted the issue of contributory negligence, defendant's rights were not prejudiced, because all of the instructions, when taken together, contained a complete

exposition of the law, and covered every phase of the case. In this situation a verdict obtained will be sustained, even though the instructions, taken separately, may be incomplete and open to objection and criticism. Rhinelander v. St. Louis-San Francisco Ry. Co., Mo.Sup., 257 S.W.2d 655, loc.cit. 659; Grote v. Hussmann, 204 Mo. App. 466, 223 S.W. 129; Bergamo v. Engelhardt, Mo.App., 262 S.W.2d 307, loc. cit. 311; Arky v. Kessels, supra, Mo.App., 262 S.W.2d 357, loc.cit. 359.

Finding no merit in defendant's contentions, the judgment should be and is affirmed.

ANDERSON, P. J., and RUDDY, J., concur.