Monteze S. DENNIS, a minor, By and Through his next friend Sylvia DENNIS, and Sylvia Dennis, Plaintiffs–Respondents,

v.

The ST. LOUIS BOARD OF EDUCATION, and Robert E. Ward, Jr., and Ronald Brooks, Defendants–Appellants.

No. 56763.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 26, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 8, 1991.

Application to Transfer Denied June 11, 1991.

---

1. Defendant's first claim of error depends on the validity of these beliefs.

Laurel Siemers, Neil Bruntrager, Mary Bruntrager Schroeder, Bruntrager & Billings, St. Louis, for defendants-appellants.

Samuel A. Goldblatt, Fox, Goldblatt & Singer, St. Louis, for plaintiffs-respondents.

CRANE, Judge.

Plaintiffs sued the St. Louis Board of Education and two of its employees for injuries sustained by Monteze Dennis when he fell down the steps at a school owned by the district. Both counts of this action were brought pursuant to § 537.600 RSMo 1986 which provides for waiver of sovereign immunity for injuries resulting from the dangerous condition of property. Count I sought damages against the defendants for personal injuries suffered by Monteze Dennis. Count II sought recovery of medical expenses incurred by Sylvia Dennis, the mother of Monteze Dennis, as a result of her son's injury. The jury returned a verdict in the amount of $5,000 in favor of plaintiff Monteze Dennis and in the amount of $15,000 in favor of plaintiff Sylvia Dennis. The trial court entered a judgment against the defendants in those amounts. The defendants appeal on three grounds, error in the denial of their motion for new trial, instructional error and error in the admission of evidence. We affirm.

For their first point, defendants assert that the trial court erred in overruling their motion for a new trial on the grounds that there was insufficient evidence of a dangerous condition as required by § 537.600 RSMo 1986. This ground was not specifically stated in the motion for new trial nor was a specific objection made on this ground at trial. Accordingly, under Rules 78.07 and 78.09, this allegation of error was not preserved for review. The motion for new trial asserted that the verdict was against the weight of the evidence. Unless there is an abuse of discretion, an appellate court may not rule on the weight of the evidence in a jury-tried case because this determination is within the exclusive province of the trial court. *Strickner v. Brown,* 491 S.W.2d 253, 255

(Mo.1973). Defendants' first point is denied.

■ For their second point, defendants argue that the trial court erred in refusing to submit the case to the jury on their requested instructions A and B which they contend correctly set out the applicable law contained in § 537.600. Defendants argue that plaintiffs' verdict directors, patterned on "common law negligence", were improper. Defendants did not set forth the challenged instructions in their brief as required by Rule 84.04(e). Accordingly, they have not preserved this point for appellate review. *Stegan v. H.W. Freeman Const. Co., Inc.*, 637 S.W.2d 794, 797 (Mo.App. 1982). We have nonetheless considered defendants' argument under this point, but do not find prejudicial error.

■ Defendants specifically argue that plaintiffs' verdict directors [1] were erroneous in requiring the jury to find the steps "not reasonably safe" rather than a "dangerous condition." "Dangerous condition" is the term used in the statute. However, in a verdict directing instruction based on a statutory violation, it is not necessary to use the exact language of the statute as long as the substance of that language is incorporated. *Arky v. Kessels*, 262 S.W.2d 357, 359 (Mo.App.1953). The term "not reasonably safe" is substantially equivalent to "dangerous condition." *Jackson v. City of St. Louis*, 422 S.W.2d 45, 49 (Mo.1967). Defendants were not prejudiced by the use of the term "not reasonably safe" in the first element.

Defendants generally contend that the verdict directors did not submit the statutory elements of a cause of action under § 537.600 and that the trial court erred in not giving their requested instructions which, they argue, do contain the correct statutory elements. Defendants are cor-

rect that no MAI exactly submits the statutory elements of § 537.600 and that a modification of a MAI instruction may be warranted in particular cases. However, except for the language of the statute, defendants cite no authority for and do not analyze how or why their proposed instructions are appropriate. We believe the issue of how a verdict director should properly submit the statutory elements of § 537.600 is a significant question, which no appellate court has directly addressed.[2] However, we decline to address it here because it has not been adequately raised or argued in the brief and we do not find that in this case defendants were prejudiced by the use of verdict directors modeled after MAI 22.03.

■ For defendants' third point, they contend an exhibit was improperly admitted because it lacked a seal. This exhibit was not contained in the record on appeal. We therefore cannot determine this issue. Rule 81.12(a). *State ex rel. Mo. Highways & Transp. Comm. v. Legere*, 706 S.W.2d 560, 565 (Mo.App.1986). Defendants' third point is denied.

The judgment of the trial court is affirmed.

CRANDALL, C.J., and REINHARD, J., concur.

---

1. The verdict directors were based on MAI 22.03 —Invitee Injured, modified by MAI 37.01, a comparative fault instruction.

2. In *Jones v. St. Louis Housing Authority*, 726 S.W.2d 766, 773 (Mo.App.1987), the only challenge to the verdict director was that the phrase "debris in the yard" (which was the dangerous condition) was vague and gave the jury a roving commission. We found the phrase neither vague nor a roving commission. We observed that the instruction "submitted ultimate factual issues" to the jury. However the question of whether the instruction properly submitted the statutory elements under § 537.600 was simply not before us in that case.