**STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff/Appellant,**

v.

**Larry W. DAVIS, et al., Exceptions of Vernon S. Reid, Personal Representative of the Estate of Churchill Carter, et al., Defendants/Respondents.**

No. 61519.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 23, 1993.

Philip E. Morgan, Jr., Paul R. Ferber, St. Louis, for plaintiff/appellant.

Caroline L. Hermeling, Irvin Dagen, St. Louis, for defendants/respondents.

GRIMM, Judge.

In this jury-tried case, Missouri Highway and Transportation Commission appeals a judgment awarding damages to defendant/landowner Estate of Churchill Carter for the condemnation of a four-acre, landlocked tract of land.

Commission raises one point on appeal. It contends that the trial court erred when it overruled its objection to expert testimony concerning (1) the possibility of obtaining legal access to this property, as well as (2) the value of the property based on the assumption that access was available. It asserts that this testimony was speculative, lacked proper foundation, and was irrelevant. We disagree and affirm.

Before briefly setting forth the testimony, we note that the admission or exclusion of evidence rests within the trial court's sound discretion. *Del–Mar Redev. Corp. v. Associated Garages, Inc.*, 726 S.W.2d 866, 869 (Mo.App.E.D.1987) (citing

*State ex rel. Missouri Highway & Transp. Comm'n v. McNary,* 664 S.W.2d 589, 594 (Mo.App.W.D.1984)). Absent substantial or glaring injustice, errors in the admission or exclusion of evidence will not result in reversal. *Associated Garages,* 726 S.W.2d at 869 (citing *McNary,* 664 S.W.2d at 594)). "In condemnation cases the better practice is to allow the jury to hear and weigh as much relevant and material evidence relating to value as possible." *State ex rel. Missouri Highway & Transp. Comm'n v. Jim Lynch Toyota, Inc.,* 830 S.W.2d 481, 485 (Mo.App.E.D.1992) (citing *Land Clearance Redev. Auth. v. Kansas Univ. & Endowment Ass'n,* 797 S.W.2d 495, [501] (Mo. App.W.D.1990)).

██ With these basic premises in mind, we now turn to the testimony at issue. At trial, landowner offered testimony from two witnesses. One was a professional real estate appraiser, the other an attorney.

Appraiser testified the highest and best use of the property was as a "single family residential site." Based on a comparable sales approach, his opinion was that the fair market value of the property was $65,-000. This value was (1) premised on the assumption that legal access to the property would be obtained and (2) reached after deducting the cost of obtaining access and bringing utilities to the property.[1] Commission argues appraiser's testimony was objectional to the extent that it was based on the assumption that access was available to the property.

Attorney testified she had reviewed Chapter 228, RSMo, which includes provisions for private roads of necessity. She concluded that she "absolutely believe[d] that the statute would apply and would provide a remedy of establishing a private road."

Commission argues attorney's testimony was speculative because she did not search the titles of adjoining properties, interview adjoining property owners concerning hardship caused by establishing a private road, determine if the property was subject to

Chapter 228, or determine the location of the private road. The only argument Commission raises that addresses the real issue is whether landowner has the right to establish a private road to its landlocked parcel.

Our constitution recognizes access to landlocked parcels by means of "private ways of necessity." *See* Mo. Const. Art. I, § 28. In addition, "Missouri law affords two remedies to owners of real property who have no means of ingress or egress: (1) the statutory method under § 228.340, or (2) a common law easement by necessity." *Gerken v. Epps,* 783 S.W.2d 157, 159 (Mo.App.S.D.1990) (citations omitted). A common law easement is not at issue here.

Section 228.340,[2] RSMo 1986 (repealed 1991), governs establishment of private roads. It lists three requirements for a private road. The first is that petitioner must own a tract of land in the county; second, that "no public road passes through or alongside" it. The third is that "the private road sought to be established is a way of strict necessity." Strict necessity is shown where "the party seeking establishment of the private road has no legally enforceable right to use of an alternate way." *King v. Jack Cooper Transp. Co., Inc.,* 708 S.W.2d 194, 196 (Mo.App. W.D.1986).

Both at trial and in its brief, Commission concedes that "the property had no legal access and was therefore landlocked." Because the property is landlocked, landowner may proceed under § 228.340 to establish a private road. Consequently, testimony concerning obtaining legal access is not speculative.

Evidence that landowner had a statutory right to establish access to the property is probative on the issue. Landowner was not required to initiate proceedings under § 228.340 to gain legal access before the date of the taking. The trial court did not abuse its discretion in admitting this evidence.

---

1. Attorney estimated legal fees could be as much as $5,800.

2. The current version of this statute is at §§ 228.342–.368, RSMo Cum.Supp.1992. These sections do not make substantial substantive changes and are not pertinent to our discussion here.

Commission argues this case is controlled by *State ex rel. State Highway Comm'n v. Steinlage*, 545 S.W.2d 326 (Mo. App.E.D.1976). There, an expert witness was permitted, over objection, to testify that "the landlocked condition and diminished value of the land would exist for only three years." *Id.* at 329. However, the witness admitted "he had no factual basis for his three-year projection." *Id.* at 331.

This court held that the "testimony was improperly admitted into evidence because the three-year prediction was wholly speculative." *Id.* at 330. *Steinlage* is not applicable here.

Here, landowner has a constitutional and statutory right to legal access to its landlocked property. Therefore, the expert testimony at issue was not speculative.

The judgment of the trial court is affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.