STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff/Appellant,

v.

Clifford W. GANNON, et al., Defendants,

Exceptions of Arnold Hanneke and Betty Hanneke, Defendants/Respondents.

No. 66595.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 23, 1995.

Paul R. Sterrett, Missouri Highway & Transp. Com'n, Chesterfield, for appellant.

Jerome Wallach, Wallach Law Firm, St. Louis, for respondents.

CRANE, Presiding Judge.

The Missouri Highway and Transportation Commission (Commission) appeals a jury award in favor of owners in a highway condemnation case, asserting errors in the admission and exclusion of evidence. We affirm.

Arnold Hanneke and Betty Hanneke (owners) owned two parcels of land (Parcels 50

and 51) between Highway 141 and Route 30. On February 24, 1992 the Commission filed a condemnation petition for all of Parcel 50 and substantially all of Parcel 51. For valuation purposes, the parties treated this as a total taking. The court appointed commissioners who awarded owners $181,620 for Parcel 50 and $151,159 for Parcel 51. The Commission paid these amounts into court on July 10, 1993. Both parties filed exceptions to the Commissioner's award. After a jury trial on those exceptions, the jury awarded owners $212,000 in damages for Parcel 50 and $76,000 in damages for Parcel 51. The Commission appeals, asserting errors in the admission and exclusion of evidence.

## I.

For its first point the Commission contends that the trial court abused its discretion in sustaining objections to and striking the entire testimony of its expert witness, Glenn Powers. The Commission asserts that Powers was an expert on rezoning and therefore his opinion on the likelihood of rezoning the subject property was relevant and central to its case.[1]

At trial owners, who were in the hardware business, testified that they had purchased the parcels in 1986 with the intent to build a hardware store on the site. Both parcels were zoned flood plain residential. Owners had contacted St. Louis County concerning rezoning to permit construction of a hardware store, but they had not filed a petition to rezone. Owners called three expert witnesses who testified to their opinions that the property was likely to be rezoned commercial.

The Commission called Glenn Powers as one of its expert witnesses.[2] Glenn Powers was a land use manager with the St. Louis County Department of Planning. He was in charge of the current planning division which included the zoning section. Prior to trial owners filed two motions in limine to preclude any evidence relating to Powers' opinion on the likelihood of rezoning owners'

property. The trial court granted owners' motions and ordered that Powers could not testify as to the likelihood of success in rezoning the subject property to commercial from residential. The court said that because Powers was a member of the government organization making rezoning decisions, he should not give an opinion on something which has yet to come before that decisional body. The trial court offered the Commission a continuance to obtain another expert to testify to the likelihood of rezoning, but the Commission declined.

At trial Powers testified to the processing of a zoning application. After his office accepts an application, it is scheduled for a public hearing. After the public hearing, he and other planning staff formulate a recommendation which is reported to the Planning Commission. The Planning Commission then votes on the recommendation. If approved the recommendation is submitted to the County Council.

The Commission asked Powers what characteristics of the subject property would determine the likelihood of it being recommended for rezoning. Upon voir dire by owners' attorney, Powers admitted that in order to make a recommendation on behalf of the Planning Commission as to the rezoning of a particular property, he would have to do an investigation which he had not done for this property. The trial court sustained owners' objection. The Commission repeated this question two more times, each time the trial court sustained owners' objection. The Commission then asked Powers his own opinion based on his knowledge of the area and his experience as "land use manager of St. Louis County Planning and Zoning District" as to the likelihood of the subject property being rezoned to commercial. The trial court sustained owners' objection, called a sidebar, and excused the jury. After a discussion with the attorneys, the court excused the witness and instructed the jury to disregard all of Powers' testimony.

---

1. The Commission does not develop any different or further argument relating to the trial court's action in striking Powers' testimony. Accordingly, we consider only the merits of this argument.

2. The Commission also called another expert who testified to his opinion that it was unlikely the property would be rezoned.

In the colloquy between court and counsel, the Commission's attorney said that, if allowed to testify, Powers would testify that the property "is not likely to be rezoned. This jury is certainly entitled to hear that coming from the horse's mouth. . . ." He went on to say:

I believe that the truth of the matter is and of course we are here to determine truth, is that the County Planning Department staff would not look favorably upon a zoning change on the Hanneke tracts and I think the jury like any other purchaser or seller of the property would naturally talk to them and get their opinion prior to making that purchase or making that decision.

I think the case law says that those are in fact the very people you should have on and so for me to obtain other witnesses who would be less effective deprives me of my right to a fair trial.

■ The admission or exclusion of evidence in an eminent domain proceeding is soundly vested within the discretion of the trial judge. *St. Louis County v. Boatmen's Trust Co.*, 857 S.W.2d 453, 457 (Mo.App. 1993). An error will result in reversal only if there is substantial or glaring injustice. *Id.; State ex rel. Missouri Hwy. & Transp. Com'n v. Davis*, 849 S.W.2d 704, 705 (Mo. App.1993).

■ The Commission argues that as an official within the St. Louis County Department of Planning, Powers' testimony regarding the likelihood of rezoning the property to commercial use is relevant and material to the issue of value. Evidence of a reasonable probability of rezoning is relevant and material to the valuation of a landowner's property in a condemnation action. *State ex rel. Missouri Hwy. & Transp. Com'n v. Jacob*, 887 S.W.2d 661, 663 (Mo.App.1994); *Union Elec. Co. v. Saale*, 377 S.W.2d 427, 429 (Mo. 1964).

[W]hen determining just compensation for condemned property, it is proper to take into account rezoning which was reasonably probable just before or after the taking and which affected the fair market value of the property at either of those times. The property "must be evaluated under the restrictions of the existing zoning and consideration given to the impact upon market value of the likelihood of a change in zoning."

*State ex rel. Missouri Hwy. & Transp. Com'n v. Delmar Gardens of Chesterfield, Inc.*, 872 S.W.2d 178, 183 (Mo.App.1994) (quoting *State ex rel. Missouri Hwy. & Transp. Com'n v. Modern Tractor & Supply Co.*, 839 S.W.2d 642, 650 (Mo.App.1992)) (emphasis in original eliminated and citations omitted).

■ An expert may give an opinion as to the reasonable probability of rezoning where it is based on a proper foundation. *See State ex rel. Missouri Hwy. & Transp. Com'n v. Pedroley*, 873 S.W.2d 949, 953 (Mo.App.1994). Some of the significant factors tending to establish a likelihood of rezoning are:

the rezoning of nearby property, growth patterns, change of use patterns and character of neighborhood, demand within the area for certain types of land use, sales of related or similar properties at prices reflecting anticipated zoning, physical characteristics of the subject and of nearby properties and, under proper circumstances, the age of the zoning ordinance.

*Id.* at 953–54 (quoting *State ex rel. State Hwy. Com'n v. Carlson*, 463 S.W.2d 74, 81 (Mo.App.1970)).

■ In *Pedroley* the defendant estate made an offer of proof that if called, its excluded expert would testify to his inspection of the property, his review of the relevant ordinance and master plan, his conversations with the city planner and engineer, and his study of trends and factors affecting the area. We held such an offer of proof established that the witness's opinion would be based on a sufficient foundation. In contrast, in this case there was no offer of proof that Powers had considered these factors with respect to owners' property and had formed an opinion based on these factors. Rather, Powers testified on voir dire that he had not made the investigation of the property he would have made if he had been making a rezoning recommendation on this property in his official capacity. Powers also testified that the St. Louis County Planning

Commission does not make its recommendations to the County Council until there has been a public hearing on the rezoning application, and that no position on the application is taken prior to that hearing.

The arguments and offer of proof made to the trial court indicate that the Commission's thrust was to have Powers testify as to what position the St. Louis County Department of Planning would take if owners filed a rezoning application. The Commission has not directed us to a Missouri case which supports the admission of such testimony where there has been no other foundation for expressing an opinion on the reasonable probability of rezoning.

Courts in other states have held that without such foundation an expert cannot testify to what a specific board or legislative body might do on a particular rezoning application. *Oak Brook Park Dist. v. Oak Brook Dev. Co.,* 170 Ill.App.3d 221, 120 Ill.Dec. 448, 455, 524 N.E.2d 213, 220 (1988) (expert could not testify to what the current town board of trustees would do with respect to a particular zoning application); *Bembinster v. Wisconsin Dep't. of Transp.,* 57 Wis.2d 277, 203 N.W.2d 897, 900–01 (1973) (town zoning board members cannot testify to the fact that, if a rezoning application had been made, it probably would have been granted); *see also Molbreak v. Village of Shorewood Hills,* 66 Wis.2d 687, 225 N.W.2d 894, 904 (1975). Rather, a plaintiff must introduce competent evidence concerning relevant zoning factors and base the opinion on the relevant factors that make rezoning probable. *Oak Brook Park,* 120 Ill.Dec. at 455, 524 N.E.2d at 220; *Bembinster,* 203 N.W.2d at 901. For example, in *State Roads Com'n v. Warriner,* 211 Md. 480, 128 A.2d 248 (1957), the trial court found no error where a county zoning commissioner testified as an expert on zoning on a proper foundation where he made it clear that he was not testifying to what he as a zoning commissioner would have done with respect to reclassifying the property and that it would be speculative for him to say "what his official decision would be in advance of his having a petition before him and having a public hearing on it." 128 A.2d at 254.

Because the Commission did not elicit a proper foundation from the witness or by offer of proof on which to base an opinion on the reasonable probability of rezoning, the trial court did not abuse its discretion in sustaining owners' objection to Powers' testimony. Point one is denied.

## II. and III.

For its second point the Commission maintains the trial court erred in overruling objections to and allowing owners' witnesses to testify to Deposition Exhibit AAA. For its third point the Commission asserts the trial court erred in sustaining objections to and in excluding from evidence the Commission's Exhibits 3A, B, C, and D. The Commission did not file these exhibits with this court. It is an appellant's duty to file the record on appeal. *State ex rel. Missouri Hwy. & Transp. Com'n v. Legere,* 706 S.W.2d 560, 565 (Mo.App.1986). Where the appellant fails to make exhibits which appellant claims were improperly admitted or improperly excluded a part of the record on appeal, the propriety of the trial court's ruling cannot be reviewed. *Id.; Dennis v. St. Louis Board of Educ.,* 809 S.W.2d 20, 22 (Mo.App. 1991); *W & S Investment Co., Inc. v. Mushrush,* 669 S.W.2d 601, 604 (Mo.App.1984). Points two and three are denied.

The judgment of the trial court is affirmed.

CRANDALL and DOWD, JJ., concur.