**STATE of Missouri, Plaintiff– Respondent,**

v.

**Ronald Gene GARRIS, Defendant– Appellant.**

No. 24228.

Missouri Court of Appeals, Southern District, Division Two.

May 29, 2002.

John M. Albright, Stephen E. Walsh, Moore & Walsh, L.L.P., Poplar Bluff, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Ronald Gene Garris (defendant) appeals a conviction as a persistent offender of driving while intoxicated, a class D felony. § 577.010.1, RSMo 1994; § 577.023.1(2)(a) and .3, RSMo Cum.Supp.1999. This court affirms.

The facts established by the evidence, viewed in the light most favorable to the verdict, are as follows. At approximately 11:00 p.m., February 29, 2000, Deputy Sheriff Dwayne Forshee attempted to stop a station wagon for having no taillights. Officer Forshee activated his emergency lights and sounded his siren. He was less than one car length behind the station

wagon when it pulled off the highway into a trailer park and stopped at the residence of Mary Lee Birrkenmaier.

Officer Forshee observed two occupants inside the car. He got out of his patrol car at the same time defendant got out of the station wagon. Defendant told Officer Forshee that he did not stop when first signaled to do so because he thought the deputy was his cousin who was also a deputy sheriff. Officer Forshee testified that the other person in the station wagon, Ms. Birrkenmaier, got out of the vehicle from the passenger side. Officer Forshee explained that he walked up to defendant and asked to see his driver's license. Officer Forshee testified, "After repeated requests he finally gave them to me. I ran a check on him, he kept trying to walk away the whole time saying he wasn't driving and Mary Lee was trying to get me to say that she was driving and I told her that I couldn't do that." Officer Forshee told the court and jury that defendant was behind the wheel when he stopped the station wagon; that he was positive defendant was driving the vehicle.

Officer Forshee was asked the following questions and gave the following answers:

Q. Okay, now did you notice anything unusual about the defendant's demeanor that got your attention?

A. I could smell alcoholic beverage on him.

Q. Okay what about any other signals that you are taught to observe?

A. He kept leaning up against the truck and then trying to walk away. Every time I asked him for a driver's license he would stutter and say no. If I remember correctly he was telling me you don't need to be doing this. He told me what goes around comes back around.

Officer Forshee observed defendant "swaying or having trouble standing still." The odor of alcohol coming from defendant was strong. Defendant's speech was slurred and he repeated himself. Officer Forshee formed the opinion that defendant was intoxicated. Defendant was arrested and taken to the sheriff's office where Chief Deputy Sheriff Larry Bruce administered a breathalyzer test to him. The test results were .196%.

■ Much of the defense at trial was directed to a claim by defendant that he had not been driving the car that Officer Forshee stopped; that the driver had been Ms. Birrkenmaier. An attempt was made by defendant to introduce in evidence a letter Ms. Birrkenmaier wrote to the prosecuting attorney following defendant's arrest.[1] The following occurred during redirect examination of Ms. Birrkenmaier by defendant's attorney:

Q. . . . Ms. Birrkenmaier I'll hand you what's been marked as Defendant's Exhibit D and ask you if you recognize that?

A. This is a letter I wrote to Mr. Kiser [the prosecuting attorney] soon as this happened trying to explain to him

---

1. The letter was marked at trial for identification as Defendant's Exhibit D. It was offered in evidence but not admitted. The exhibit has been filed with this court. A copy of it has also been included at the end of defendant's appellant's brief. The state filed a motion to strike the appellant's brief and to strike Defendant's Exhibit D. The motion alleges the exhibit cannot be considered because it was not admitted in evidence; that the only thing

that can be considered on appeal is the record that was before the trial court. That motion was taken with the case. It is denied. An exhibit offered into evidence but excluded by the trial court is properly part of the record on appeal. *Jenkins v. Revolution Helicopter Corp., Inc.*, 925 S.W.2d 939, 944 (Mo.App. 1996); *State ex rel. Missouri Hwy. & Trans. Com'n v. Gannon*, 898 S.W.2d 141, 144 (Mo. App.1995). *See* Rule 84.04(h).

that I was driving and [defendant] was not. I called his office a couple of times and I had no return phone calls from him. I didn't know what else to do.

. . .

Q. Is this an accurate copy of the letter you wrote Mr. Kiser within a week of [defendant's] arrest?
A. Yes it is.
Q. Exact?
A. Exactly, yes.

Defendant moved to introduce Defendant's Exhibit D, contending the exhibit was a prior consistent statement that Ms. Birrkenmaier made before she was cross-examined by the prosecuting attorney. Defendant told the trial court, "[Ms. Birrkenmaier] testified she wrote [the prosecuting attorney] this letter a week afterwards telling him that she was the driver. He's insinuated on cross examination [sic] that that, her statement is not true. This is substantive evidence and it is admissible for that purpose." The state objected to the admission of the exhibit. The objection was sustained.

■ Point I is directed to the trial court's refusal to admit Defendant's Exhibit D in evidence. Defendant asserts the trial court erred in sustaining the state's objection to the exhibit because it was a properly disclosed prior consistent statement admissible "for rehabilitative purposes because the statement had been disclosed and tended to rehabilitate the witness."

■ A prior consistent statement is admissible for the purpose of rehabilitating a witness alleged to have changed or fabricated trial testimony. *State v. Norville*, 23 S.W.3d 673, 678 (Mo.App.2000). "Statements consistent with trial testimony given before the corrupting influence to falsify occurred are relevant to rebut a claim of

contrivance." *State v. Ramsey*, 864 S.W.2d 320, 329 (Mo. banc 1993), *cert. denied*, 511 U.S. 1078, 114 S.Ct. 1664, 128 L.Ed.2d 380 (1994), citing *McCormick on Evidence*, § 251, p. 119 (4th ed.1992).

Defendant argues the trial court erred in refusing to admit the letter as a prior consistent statement because the "corrupting influence to falsify" occurred when Ms. Birrkenmaier learned that Officer Forshee's police report stated that at the time of defendant's arrest, she told defendant to "just say I was driving the car." Defendant argues this would have been at preliminary hearing or upon defendant's right of discovery; that because the letter was written prior to that time, it was admissible as a prior consistent statement. The state argues the corrupting influence to falsify was the arrest of defendant; that, therefore, the letter, having been written after that time, was not admissible.

Regardless, defendant would have to have been prejudiced by the trial court's failure to admit the exhibit in evidence in order to prevail on Point I. Defendant was not prejudiced. Ms. Birrkenmaier was asked to identify the exhibit. She told the trial court and jury that the exhibit was a letter she had written to the prosecuting attorney to explain she had been the one driving when defendant was arrested. Thus, the content of the letter was before the jury. Had the letter been admitted in evidence, its content would have been cumulative to the testimony the jury heard. *See Burns v. Elk River Ambulance, Inc.*, 55 S.W.3d 466, 483 (Mo.App.2001); *State v. Hughes*, 748 S.W.2d 733, 738–39 (Mo.App. 1988); *State v. Prokopf*, 736 S.W.2d 540, 541 (Mo.App.1987). Point I is denied.

■ Defendant's remaining points, Points II, III and IV, contend the trial court committed plain error by not *sua sponte* declaring a mistrial during the

state's closing argument. No objection was posed at trial to the statements about which defendant now complains. Absent objections at trial, claims of trial court error are not preserved for appellate review. *State v. Henderson,* 954 S.W.2d 581, 583 (Mo.App.1997).

In *State v. Silvey,* 894 S.W.2d 662 (Mo. banc 1995), the Supreme Court of Missouri discussed requests for plain error review directed to events occurring during closing arguments. In declining to grant plain error review, the court said:

> Plain error review "should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review." *State v. McMillin,* 783 S.W.2d 82, 98 (Mo.banc 1990) (quoting, *State v. Valentine,* 646 S.W.2d 729, 731 (Mo.1983)). Relief should rarely be granted on assertions of plain error as to closing argument because, "in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *State v. Clemmons,* 753 S.W.2d 901, 907–08 (Mo.banc 1988).

*Id.* at 670. *See also State v. Wright,* 934 S.W.2d 575, 584–85 (Mo.App.1996).

This court declines defendant's request to grant plain error review. Points II, III and IV are denied in that the issues they attempt to raise were not preserved for appellate review. The judgment of conviction is affirmed.

GARRISON, P.J., and PREWITT, J., concur.