NUMBER 13-03-361-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

CITY OF WESLACO AND CITY OF DONNA,                        Appellants,

v.

EMILIO CANTU,                                                                 Appellee.
___________________________________________________________________

On appeal from the 332nd District Court
of Hidalgo County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Opinion by Justice Rodriguez

         Appellants, City of Weslaco and City of Donna, bring this accelerated
interlocutory appeal following the trial court’s denial of their plea to the jurisdiction.


 
By one issue, appellants contend the trial court erred in denying their plea to the
jurisdiction because they are immune from suit under the doctrine of sovereign
immunity. We reverse and render. 
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.II. STANDARD OF REVIEW
         A plea to the jurisdiction is a dilatory plea; its purpose is “to defeat a cause of
action without regard to whether the claims asserted have merit.” Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court’s
authority to determine the subject matter of a pleaded cause of action. City of
Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex. App.–El Paso 2000, pet. dism’d w.o.j.);
State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.–Corpus Christi 1989, writ
denied). Because subject matter jurisdiction is a question of law, we review a trial
court’s ruling on a plea to the jurisdiction under a de novo standard of review. State
v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2003). 
         In determining whether jurisdiction exists, rather than looking at the claim’s
merits, we look to the allegations in the pleadings, accept them as true, and construe
them in favor of the pleader. See County of Cameron v. Brown, 80 S.W.3d 549, 555
(Tex. 2002); Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993). We consider the facts alleged in the petition, and to the extent relevant to the
jurisdictional issue, any evidence submitted by the parties to the trial court. Tex.
Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Blue,
34 S.W.3d at 555. 
         It is the plaintiff’s burden to allege facts affirmatively demonstrating the trial
court’s jurisdiction. Tex. Ass’n of Bus., 852 S.W.2d at 446; Mission Consol. Indep.
Sch. Dist. v. Flores, 39 S.W.3d 674, 676 (Tex. App.–Corpus Christi 2001, no pet.). 
When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency and the plaintiff should be afforded the opportunity to amend. Brown, 80
S.W.3d at 555. On the other hand, if the pleadings affirmatively negate the existence
of jurisdiction, then a plea to the jurisdiction may be granted without allowing the
plaintiff an opportunity to amend. Id.
III. ANALYSIS
         The State, its agencies, and subdivisions, such as cities, generally enjoy
sovereign immunity from tort liability unless immunity has been waived. Id. at 554. 
The Texas Tort Claims Act (Tort Claims Act) expressly waives sovereign immunity,
allowing suits to be brought against governmental units in certain, narrowly defined
circumstances. Tex. Dep’t of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex.
2001). However, simply making a claim pursuant to the Tort Claims Act does not
establish the State’s consent to be sued and is not enough to confer jurisdiction on the
trial court. Id. For the trial court to have jurisdiction, the plaintiff must not only allege
legislative consent to such suit in his petition, but must also plead facts that fall within
the scope of the legislative consent. See id.; Nueces County v. Ferguson, 97 S.W.3d
205, 219 (Tex. App.–Corpus Christi 2002, no pet.). Furthermore, the Tort Claims Act
specifically excludes waiver for a claim “arising out of assault, battery, false
imprisonment, or any other intentional tort . . . .” Tex. Civ. Prac. & Rem. Code Ann.
§ 101.057(2) (Vernon 1997). 
         Appellee generally alleges in his first amended petition that appellants are liable
under the Tort Claims Act. In support of these claims, appellee contends only that his
injuries were the result of police officers ramming him against the door of his motor
vehicle, throwing him to the ground and beating him with a flashlight. This is the
same conduct relied on by appellee as the basis for his claims against the police
officers for assault and intentional infliction of emotional distress. This conduct is
clearly intentional. See City of Laredo v. Nuno, 94 S.W.3d 786 (Tex. App.–San
Antonio 2002, no pet.) (police officer dragging plaintiff out of vehicle, throwing her
against the side, hitting her in the back with handcuffs, and kicking her in the legs
considered intentional tort); Medrano v. City of Pearsall, 898 S.W.2d 141 (Tex.
App.–San Antonio 1999, no pet.) (police officer beating and choking plaintiff with
flashlight considered intentional tort). Since the pleadings fail to allege any negligent
conduct, and the Tort Claims Act does not waive sovereign immunity for intentional
torts, appellee has failed to establish a waiver of sovereign immunity. Thus, the trial
court did not properly have jurisdiction over this cause and erred in denying appellants’
plea to the jurisdiction. Miller, 51 S.W.3d at 589. Appellants’ sole issue is sustained.
         Having determined that appellee failed to state a claim for which sovereign
immunity is waived, we must now decide whether his petition is incurably defective
or, whether under the facts alleged in the petition, it may be amended to allege a
cause within the trial court’s jurisdiction. See Brown, 80 S.W.3d at 555. Before filing
their plea to the jurisdiction, appellants filed special exceptions to appellee’s original
petition. The special exceptions were specifically directed toward appellee’s failure to
state an actionable claim under the Tort Claims Act. Appellee amended his petition;
however, the amended petition continues to plead only intentional torts, which are not
actionable under the Tort Claims Act. Therefore, we conclude appellee’s petition is
incurably defective. The pleadings affirmatively negate the existence of jurisdiction,
and appellants’ plea to the jurisdiction may be granted without allowing appellee an
opportunity to amend. See id.
IV. CONCLUSIONAccordingly, we reverse the trial court’s order denying appellants’ plea to the
jurisdiction. We render judgment granting appellants’ plea to the jurisdiction and
dismissing appellee’s claims against appellants for lack of subject matter jurisdiction.
                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Opinion delivered and filed
this 5th day of February, 2004.